# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7452 | **DATE** | 2/23/2011 |
| **CASE TITLE** | Shaun Brame (#2007-0037972) vs. Sheriff Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff may proceed on his amended complaint to the extent that it sets forth claims against defendants Thomson, Patel and unknown officers in their individual capacity. He may not proceed in any type of individual capacity claim against defendant Dart nor may he proceed on a *Monell* claim against Cook County. Dart remains a defendant in this action solely for the purpose of allowing plaintiff to identify the unknown correctional officer defendants. Cook County remains a defendant solely for the purpose of allowing plaintiff to proceed on his state law indemnification claim. The Clerk is directed to issue summons as to defendant Cook County. The U.S. Marshal's Service is appointed to effectuate service upon defendant Cook County.

■[ For further details see text below.]

*Suzanne B. Conlon*

Docketing to mail notices.

---

# STATEMENT

Pro se plaintiff Shaun Brame, a detainee at the Cook County Jail, has brought this suit pursuant to 42 U.S.C. § 1983 challenging his treatment at the Jail. In specific, plaintiff alleges that defendant correctional officers Thomson and Patel assaulted him and unnamed correctional officers failed to intervene on July 9, 2010. He also claims that his request for medical treatment went unheeded. On December 20, 2010, the Court granted plaintiff leave to proceed on claims of deliberate indifference to medical needs, deliberate indifference to assault, and use of excessive force against the officer defendants in their individual capacities. (Dkt. No. 4). However, the Court rejected plaintiff's effort to name Sheriff Tom Dart because plaintiff had failed to allege any individual involvement. The Court's screening order also rejected plaintiff's attempt to raise a liability claim against Cook County under *Monell* because plaintiff had failed to allege facts that would plausibly suggest how this event was part of a policy or practice adopted by Cook County. The Court did note that plaintiff could proceed with an Illinois indemnification claim if he desired but that was not alleged in the original complaint. Summonses were issued for service by the U.S. Marshal's Service.

Pending before the Court is plaintiff's January 28, 2011 amended complaint. As before, plaintiff properly alleges claims against Thomson, Patel and the unknown correctional officers in their individual capacity arising out of the July 9, 2010 event. Plaintiff also adds a state law indemnification claim and so Cook County is properly named as a defendant for this purpose. 745 ILCS 10/9-102 (West 2010); *Yang v. City of Chicago*, 137 F.3d 522 (7th Cir. 1998); *Wilson v. City of Chicago*, 120 F.3d 681 (7th Cir. 1997).

Plaintiff again fails to allege any facts to plausibly suggest a claim for municipal liability under *Monell*. Plaintiff does state that this incident is part of a policy and practice at the jail and cites to a Department of Justice report that he claims reaches similar conclusions. To state a claim, "a complaint must contain enough facts to state a claim to relief that is plausible on its face and also must state sufficient facts to

raise a plaintiff's right to relief above the speculative level." *Bissessur v. Indiana Univ. Bd. of Tr.*, 581 F.3d 599, 602 (7th Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Plaintiff cannot simply allege "bare legal conclusions" or "formulaic recitation of a cause of action's elements," but instead must "plead[] factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bissessur*, 581 F.3d at 602-03 (citations omitted). Plaintiff fails to allege any facts that could demonstrate municipal liability under *Monell*. He simply sets forth a formulaic recitation of the cause of action without providing one plausible factual allegation that would demonstrate the existence of a custom or practice by the County necessary to establish *Monell* liability.

In summary, plaintiff may proceed on his amended complaint to the extent that it sets forth claims against defendants Thomson, Patel and unknown officers in their individual capacity. He may not proceed in any type of individual capacity claim against defendant Dart nor may he proceed on a *Monell* claim against Cook County. Dart remains a defendant in this action solely for the purpose of allowing plaintiff to identify the unknown correctional officer defendants. Cook County remains a defendant solely for the purpose of allowing plaintiff to proceed on his state law indemnification claim. The Clerk is directed to issue summons as to defendant Cook County. The U.S. Marshal's Service is appointed to effectuate service upon defendant Cook County.